IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

DEDRA BUTLER, as Next Friend      *
of K.W., a minor; and             *
STEPHANIE MURSIER, as             *
Administrator of the Estate of    *
Jamirus A. Wright, deceased,      *
                                  *
      Plaintiffs,                 *        CV 120-067
                                  *
            v.                    *
                                  *
SOUTHERN APARTMENT PARTNERS,      *
LP; and XYZ ENTITIES 1-3,         *
                                  *
      Defendants.                 *

---

**O R D E R**

---

Currently pending before the Court are: (1) Plaintiffs' Motion to Remand and Motion for Joinder (Doc. 10); (2) Defendant Southern Apartment Partners, LP's ("SAP") Motion for Leave to Amend Notice of Removal (Doc. 11); (3) Plaintiffs' Notice of Defendant's[1] Non-Opposition to Motion to Join Dalcor Management ("Dalcor") (Doc. 15); and (4) Plaintiffs' Motion for Judicial Estoppel (Doc. 19). The Court addresses each of these motions below.

---

[1] The Court notes that XYZ Entities 1-3 were never further identified by Plaintiffs and are not represented in the case. Therefore, the Court's reference to "Defendant" throughout this Order refers to SAP unless otherwise specified.

## I. BACKGROUND

Plaintiffs filed the pending negligence and premises liability action in the State Court of Richmond County on March 23, 2020 arising from the death of Jamirus A. Wright ("Wright") at the Center West Villas, an apartment complex in Augusta, Georgia. (Doc. 10, at 1.)  Plaintiff Dedra Butler ("Butler") is the mother of Wright's only minor child, K.W., and Plaintiff Stephanie Mursier ("Mursier") is Wright's mother, acting as the administrator of his estate.  (Id.)  It is not disputed that Butler and Mursier are considered citizens of Georgia for purposes of their representation of K.W. and Wright's estate in this action because Wright was domiciled in Georgia at the time of his death.

The pending suit is against Defendant SAP and includes the additional Defendants of XYZ Entity 1, ABC Entity 2, and ABC Entity 3 "[o]ut of an abundance of caution," claiming they are each legally responsible in some manner for the injuries and death of Wright through respondeat superior, vicarious liability, agency principles, piercing the corporate veil, and/or joint and several liability.[2]  (Pls.' Compl. ¶ 6.)

Plaintiffs claim Defendants were negligent and their negligence proximately caused Wright's injuries and death through:

---

[2] Plaintiffs identify XYZ Entity 1, ABC Entity 2, and ABC Entity 3 in their complaint, but thereafter refer to them as XYZ Entities 1-3 in other pleadings, therefore the Court will refer to them as XYZ Entities 1-3 for purposes of this Order.

(a) failing to use ordinary care to keep the premises safe in violation of O.C.G.A. § 51-3-1; (b) violation of O.C.G.A. § 44-7-13; (c) failing to properly inspect and maintain premises; (d) failing to warn of latent dangers on premises; (e) failing to properly train and supervise employees in regard to maintenance and safety of premises; (f) failing in properly retaining, entrusting, hiring, training and supervising employees; (g) failing to inspect, patrol, or appropriately monitor premises; and (h) failing to employ proper security measures in light of history of property and high-crime area in which property is located. (Id. ¶ 24.)

Defendant SAP filed an amended notice of removal to this Court on May 19, 2020 pursuant to 28 U.S.C. §§ 1332 and 1446. (Doc. 5.) Defendant pleads diversity jurisdiction exists under § 1332(a) because: (1) Plaintiffs are residents of Georgia and the Defendant Partnership of SAP, although now dissolved, was organized under the laws of Alabama; (2) both partners that made up the partnership are residents of the state of Alabama; and (3) Plaintiffs made a pre-suit demand of $5,000,000, so the amount in controversy exceeds $75,000. (Id. at 1-5.)

Plaintiffs now move to remand the case and to join Jonathan Evans ("Evans") and Dalcor as party defendants. (Doc. 10.) Plaintiffs seek remand for two reasons: (1) Defendant's amended notice of removal was deficient because it did not specify the

citizenship of SAP's partners, therefore not making clear the
Court's subject-matter jurisdiction, and (2) Defendant filed,
along with its answer, two notices of apportionment to a non-
party, seeking to have the jury assign damages to another company,
Dalcor, and the assailant in this case, Evans.[3] (Id. at 2.) After
Plaintiffs filed their motion to remand, Defendant sought leave to
amend its notice of removal and correct the procedural defect
regarding the flawed pleading of the citizenship of SAP's partners.
(Doc. 11.)   Plaintiffs contend Defendant's motion to amend is
futile because the joinder of Evans will destroy diversity,
warranting remand, and making any amendment unnecessary.   (Doc.
14.)

Plaintiffs also filed a "Notice of Defendant's Non-Opposition
to Motion to Join Dalcor Management."   (Doc.15.)   This motion
states Plaintiffs have conferred with Defendant and Defendant does
not oppose the joinder of Dalcor.   (Id.)   SAP agrees it does not
contest joinder of Dalcor but does contest Plaintiffs' motion to
remand and motion to join Evans.   (Doc. 17.)

Finally, Plaintiffs have filed a motion for judicial
estoppel, arguing that if SAP is successful in blocking the joinder

---

[3] Dalcor is an Alabama corporation doing business in Georgia that SAP
hired to be the management company of the premises where Wright was
killed.   (Doc. 10-2.)   Defendant alleges Evans, a Georgia resident, is
the sole and proximate cause of Plaintiffs' injuries.   (Doc. 10-3.)
Without deciding the issue, the Court assumes for present purposes that
Evans is liable for killing Wright.

of Evans, then the Court should judicially estop SAP from seeking to apportion fault to Evans at trial. (Doc. 19.) Defendant objects to this motion. (Doc. 20.)

## II. MOTIONS FOR JOINDER

The Court will first address Plaintiffs' requests to join party defendants before considering Plaintiffs' motion to remand.

### A. Joinder of Dalcor Management

Plaintiffs originally moved to join both Dalcor and Evans to this action. (Doc. 10.) They subsequently filed notice that they had conferred with Defendant SAP and SAP does not oppose the joinder of Dalcor. (Doc. 15.) Defendant SAP did not object to this motion and therefore it is **GRANTED**. The Clerk **SHALL JOIN** Dalcor Management, Inc. as a party defendant in this action.

### B. Joinder of Jonathan Evans

Defendant SAP *does* oppose the joinder of Evans. Evans is the individual responsible for killing Wright and is a non-diverse party, so his joinder would ruin diversity jurisdiction, requiring remand.

Plaintiffs argue Evans must be joined because Defendant believes Evans should be on the verdict form and filed a notice of apportionment, so permitting joinder "will accord Plaintiffs complete relief for their claims." (Doc. 10, at 2.) Further, they contend that by filing a notice of apportionment, "Defendant

has now inserted Evans into this proceeding, initially designed to be about Defendant's negligence as a property owner." (Doc. 18, at 2.) Additionally, Plaintiffs argue they "did not want Evans to be on the verdict form, which is why they did not join him initially." (Id.) But, "[n]ow that Defendant brought him into the case as a 'non-party' for the jury to award damages against, Plaintiffs want him to be a true party to accord true relief. See O.C.G.A. § 51-12-33(f) (holding that assessments of damages against non-party are not binding or collectable)." (Id.)

In opposition, Defendant argues Evans does not have to be joined because Plaintiffs knew about him, and even mentioned his actions in their complaint, yet chose not to include him as a party to the suit. (Doc. 17, at 2.) Therefore, SAP contends the request for joinder of Evans at this point is only for the purpose of defeating diversity and seeking remand because the apportionment notice did not provide Plaintiffs with any previously unknown information. (Id.)

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447. "[A] district court must scrutinize more closely an amended pleading that would name a new nondiverse defendant in a removed case because justice requires the district court also balance the

6

defendant's interest in maintaining the federal forum." <u>Dever v.</u> <u>Family Dollar Stores of Ga., LLC</u>, 755 F. App'x 866, 869 (11th Cir. 2018) (citations omitted); <u>see also</u> <u>Kelly v. Am. Multi-Cinema,</u> <u>Inc.</u>, CV 619-051, 2019 WL 5459725, at *2 (S.D. Ga. Oct. 24, 2019) (holding that "the addition of the proposed parties would untimely require remand" and therefore, "the request is scrutinized more closely . . . and the Court should deny leave to amend unless strong equities support the amendment" (internal quotations and citations omitted)).

The analysis adopted by the Eleventh Circuit requires the district court to "consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." <u>Dever</u>, 755 F. App'x at 869 (quotations and citations omitted) (alterations in original). The court has "broad discretion in weighing these factors to decide whether to permit or deny any amendment" and "must balance the equities and decide whether the amendment should be permitted." <u>Id.</u> (citations omitted). Using these factors, the Court will now analyze whether joinder of Evans is proper here.

The first factor in this analysis considers the purpose of the amendment and whether Plaintiffs' purpose is to defeat federal jurisdiction. Other courts have held that "the fact that a

plaintiff attempted to add a non-diverse defendant only after the case was removed, even though he knew or should have ascertained the identity of the defendant at an earlier time, strongly indicates that the purpose of the plaintiff's amendment is to defeat federal jurisdiction." Smith v. White Consol. Indus., Inc., 229 F. Supp. 2d 1275, 1280 (N.D. Ala. 2002) (citing Sexton v. G & K Servs., Inc., 51 F. Supp. 2d 1311, 1312 (M.D. Ala. 1999); In re Norplant Contraceptive Prods. Liab. Litig., 898 F. Supp. 429 (E.D. Tex. 1995)).  Here, Plaintiffs referenced Evans in their original complaint, therefore they knew he was the person responsible for the death of Wright when the case was filed.  Further, Plaintiffs stated they did not want to include Evans originally because this is a suit for negligence in failing to make the premises safe, and therefore has nothing to do with Evans' role in the death of Wright.  (See Doc. 18, at 2.)  Plaintiffs argue they only want to join Evans now as a response to the Defendant filing a notice of apportionment.  (Id.)  But, the Georgia apportionment statute provides that when assessing percentages of fault, the jury can consider the fault of all persons who contributed to the alleged injury, regardless of whether the person was, or could have been, a party in the suit.  See O.C.G.A. § 51-12-33(d)(1).  The statue also requires notice to be given by filing with the court information about the nonparty and the basis for their fault, justifying SAP's filings in this case.  See id. § 51-12-33(d)(2).

8

Pursuant to the apportionment statute, it is unnecessary to join Evans in order for his fault to be considered by the trier of fact. But the Plaintiffs point out that if Evans is not joined, any apportioned damages against him would be non-binding and uncollectable pursuant to O.C.G.A. § 51-12-33(f)(2).[4]   While relevant, this does not change the fact that Plaintiffs did not originally seek to have Evans as part of the suit, despite being aware of the fact he was responsible for the killing of Wright. It was certainly foreseeable that a property owner would try to limit its own liability for a death the occurred on its property by blaming the person responsible for causing the death.   Whether or not fault is actually apportioned to Evans is up to the trier of fact, and it is premature for the Court to decide whether or not this will affect the Plaintiffs' recoveries.   Had Plaintiffs been concerned about not receiving a full recovery, they could have included Evans when they originally filed suit, but instead they waited until Defendant removed to seek joinder which makes it appear the purpose of such joinder is to ruin diversity and require remand of the case.   Overall, this factor weighs against Plaintiffs and in favor of denying the joinder of Evans.

---

[4] O.C.G.A. § 51-12-33(f)(2) provides that when fault is assessed against a non-party, "findings of fault shall not subject any nonparty to liability in any action or be introduced as evidence of liability in any action."

The second factor is whether the plaintiff has been dilatory in asking for amendment. "A plaintiff who waits to seek to amend the complaint to add a known nondiverse party can be found to have been dilatory about seeking the amendment." Richards v. Lesaffre Yeast Corp., No. 1:07-cv-163, 2007 WL 2274402, at *2 (M.D. Ala. Aug. 1, 2007) (citing Smith, 229 F. Supp. 2d at 1282). Plaintiffs sought to add Evans 13 days after Defendant removed. Defendant points out that although it was only 13 days after removal, it was 69 days after Plaintiffs filed their original complaint. (Doc. 17, at 5.) Although Plaintiffs argue that the only reason for the delay is because the request for joinder was filed in response to Defendant's apportionment notice, that is irrelevant to the inquiry in light of O.C.G.A. § 51-12-33(d)(1) allowing apportionment to be made to non-parties. The Court therefore finds that this factor weighs against Plaintiffs, because they offer no further explanation for the delay. Additionally, the timing of the amendment supports the first factor, that the purpose of adding Evans is to defeat diversity. See Jerido v. Am. Gen. Life and Accident Ins. Co., 127 F. Supp. 2d 1322, 1325 (M.D. Ala. 2001) (finding plaintiff was dilatory because she gave no explanation as to why she waited to add defendant and the timing of the amendment, coming simultaneously with a motion to remand and after removal, supported finding the primary purpose of the amendment was to defeat federal jurisdiction).

The third factor is whether the plaintiff will be significantly injured if amendment is not allowed. Plaintiffs argue that if Evans is not present at trial, it will deny Plaintiffs complete justice because should the jury find that Evans is responsible, damages awarded against him will be uncollectable. (Doc. 10, at 9.) Defendant agrees the damages could be uncollectable but points out that the Plaintiffs are not prohibited from bringing an action against Evans in state court and again, Plaintiffs could have included Evans in the original complaint had this been a concern. (Doc. 17, at 6.)

"In analyzing this factor, courts generally attempt to determine whether a plaintiff can be afforded complete relief in the absence of the amendment." Holiday Isle, LLC v. Clarion Mortg. Cap., Inc., No. 07-00798, 2008 WL 1756369, at *3 (S.D. Ala. Apr. 11, 2008) (citations omitted). If Evans is not joined, Plaintiffs will still be able to move forward with their negligence and premises liability claims against SAP and Dalcor, claiming they are responsible for failing to keep the premises safe and negligently maintaining the premises where Wright was murdered. (See Pls.' Compl., Doc. 1-2, at 4-6.) And, the fault of Evans can still be considered in an effort by Defendants to mitigate their liability pursuant to O.C.G.A. § 51-12-33. But, as SAP points out, Plaintiffs are still allowed to sue Evans in state court, a factor weighing against allowing joinder of Evans here. "[W]hile

11

Plaintiff[s] will not be 'significantly injured' if the Court denies [their] motion, [they] would nevertheless be forced to expend the time, effort, and expense necessary to pursue parallel litigation based on the same facts in two separate judicial fora." Dever v. Family Dollar Stores of Ga., LLC, No. 2:17-cv-19, 2018 WL 6323078, at *3 (S.D. Ga. Dec. 3, 2018); see also Holiday Isle, 2008 WL 1756369, at *3 (finding the inefficiency of proceeding in parallel forums and desirability of providing complete relief in one lawsuit warrant joinder of non-diverse parties). Therefore, the possibility of an additional suit offers both a pro and a con to the joinder of Evans because having two lawsuits is inefficient but still offers a possibility of recovery for Plaintiffs. This factor therefore comes out more neutral than the others and ultimately towards permitting the joinder of Evans in light of judicial efficiency. See id. (finding the third factor weighs slightly in favor of allowing amendment because of parallel state proceedings).

Finally, the Court is allowed to consider any other factors bearing on the equities. Plaintiffs argue the equities favor remand and joining Evans because Defendant's own allegations and positions have brought these non-parties into the case. (Doc. 10, at 9.) Further, they argue "a defendant should not be permitted to blame another party against whom Plaintiff cannot seek recourse" and "while Plaintiff could file a separate action in state court,

it could result in conflicting findings and rulings as to the actions of various parties and would waste resources." (Id.) Defendant responds that it did not bring Evans into the case, but instead his actions on the night of Wright's murder brought him in and Plaintiffs deliberately chose not to include him when they filed suit. (Doc. 17, at 7.) Relevant to these arguments is the fact that the parties are not on "equal footing" because of the "diverse defendant's right to choose between a state or federal forum." Smith, 229 F. Supp 2d. at 1282. "Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes." Id. (citations omitted). Overall, this factor again weighs against joinder of Evans because Evans was a known non-party when the suit was filed, and Plaintiffs are not left without recovery, as they can still pursue a suit against Evans in state court if they so desire.

Based on the foregoing factors and balancing the equities, the Court finds that joinder of Jonathan Evans is improper here, and therefore Plaintiffs' request to join Evans is **DENIED**.

### III. MOTION FOR LEAVE TO AMEND NOTICE OF REMOVAL AND MOTION TO REMAND BECAUSE NOTICE OF REMOVAL IS DEFICIENT

Plaintiffs contend that Defendant's Amended Notice of Removal (Doc. 5) was deficient because it did not specify the citizenship of its partners, and by extension, the Court's subject-matter

jurisdiction.   Based on this contention, Defendant has moved for leave to amend its notice of removal.   SAP wants the opportunity to more clearly assert the citizenship of each of its partners and the partnership entity as a whole.

When a case is removed to federal court from state court by the defendant, the defendant bears the burden of proving subject matter jurisdiction exists.   Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1314 (11th Cir. 2002) (citing Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001)).   Therefore, in this case, SAP, removing based on diversity, had the burden to prove diversity existed according to 28 U.S.C. § 1332.   This required SAP to allege, in its notice, the citizenship of itself and all the partners of the limited partnership.   See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

Pursuant to 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."   "If a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party 'to cure the omission' as authorized by § 1653."   Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009) (citing D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co., 608 F.2d 145, 146-47 (5th Cir. 1979)).

14

Under 28 U.S.C. § 1446(b), a notice of removal "may be amended freely by the defendant prior to the expiration of the thirty-day period for seeking removal. After that time, the notice of removal may be amended only to set forth more specifically grounds for removal which were imperfectly stated in the original petition." Newman v. Spectrum Stores, Inc., 109 F. Supp. 2d 1342, 1347 (M.D. Ala. 2000) (internal quotations and citations omitted).

In SAP's amended notice of removal, it stated that SAP is a foreign limited partnership organized under the laws of Alabama and that both partners are *residents* of Alabama. (See Doc. 5, ¶¶ 10-11.)  Stating the residency of the partners does not meet the requirement of alleging the citizenship of the partners.   See Wilkins v. Stapleton, No. 6:17-cv-1342, 2017 WL 11219132, at *1-2 (M.D. Fl. Aug. 1, 2017) (holding in order to proceed in federal court, the litigant must establish subject matter jurisdiction in compliance with Rule 11 and noting it is improper to "allege the 'residence' of a party – citizenship is what counts").  Here, Defendant is not trying to amend to assert a *new* basis for federal jurisdiction, but instead is simply hoping to provide additional details.  See Old Cove Condo. of Naples, Inc. v. Underwriters at Lloyd's, London, ICAT Syndicate 4242, No. 2:18-cv-384, 2018 WL 4002109, at *2 (M.D. Fla. Aug. 22, 2018) (granting motion to amend notice of removal because defendant did not seek to assert a new

basis of federal jurisdiction but only wanted to set forth the basis for diversity jurisdiction in more detail).

Due to SAP's defective pleading of jurisdiction, Plaintiffs have moved to remand the case, arguing Defendant did not carry its burden of establishing subject matter jurisdiction when removing to this Court.   Following the Eleventh Circuit's guidance, the Court **GRANTS** Defendant SAP leave to amend its notice of removal to more clearly establish the subject matter jurisdiction of this Court.  The Court is unable to rule on Plaintiffs' motion to remand for this deficiency until Defendant has filed a second amended notice of removal.   Therefore, Plaintiffs' motion to remand is **DENIED WITHOUT PREJUDICE.**


## IV. MOTION FOR JUDICIAL ESTOPPEL

Plaintiffs argue that if SAP successfully blocks the joinder of Evans, "a sense of fairness warrants it from being estopped from blaming him at trial." (Doc. 19, at 2.)  They argue that Defendant claiming Evans is the sole proximate cause of Plaintiffs' damages is inconsistent with its argument to not permit joinder of Evans here.  (Id. at 5.)  Further, they argue the inconsistent positions provide SAP with an unfair advantage and give them an "opportunity to blame someone at trial who is not present and whom Plaintiffs cannot seek complete relief [from] in the same proceeding." (Id.)

Defendant responds that it has never taken inconsistent positions made under oath in prior proceedings, which is required for judicial estoppel. (Doc. 20, at 4.) Further, SAP clarifies its position as simply that Plaintiffs' attempt to join Evans is designed to defeat diversity jurisdiction, and that in no way changes its assertion that Evans is responsible for Wright's death. (Id.) SAP also points out that it has not taken the position that Evans does not need to be a party, but rather that Plaintiffs wanting to add him at this point in the case is improper. (Id. at 5.) SAP even goes as far as to say if Evans could be joined without remanding the case, it would not oppose his joinder. (Id.)

The purpose of judicial estoppel is "to protect the integrity of the judicial process by prohibiting parties from changing positions according to the exigencies of the moment." Robinson v. Tyson Foods, Inc., 595 F.3d 1269, 1273 (11th Cir. 2010) (citing New Hampshire v. Maine, 532 U.S. 742, 749 (2001)). And under this doctrine, when a party "assumes a certain position in a legal proceeding and succeeds in maintaining that position, [it] may not thereafter . . . assume a contrary position . . . ." In re Gosman, 382 B.R. 826, 841 (S.D. Fla. 2007) (internal quotations and citations omitted). The United States Supreme Court has held that circumstances to invoke judicial estoppel may vary but there are three main factors used to make the decision:

(1) whether the present position is clearly inconsistent with the earlier position; (2) whether the party succeeded in persuading a court to accept the earlier position, so that judicial acceptance of the inconsistent position in a later proceeding would create the perception that either the first or second court was misled and; (3) whether the party advancing the inconsistent position would derive an unfair advantage.

Robinson, 595 F.3d at 1273 (citing New Hampshire, 532 U.S. at 750-51). Using these factors, the Court finds that the use of judicial estoppel is not necessary here.

Pursuant to the Georgia apportionment statute, a party is required to file notice designating a nonparty's information if they believe the nonparty was at fault. See id. § 51-12-33(d)(2). "The statutory scheme is designed to apportion damages among 'all persons or entities who contributed to the alleged injury or damages' – even persons who are not and could not be made parties to the lawsuit . . . ." Couch v. Red Roof Inns, Inc., 291 Ga. 359, 362 (2012). By filing an apportionment notice and then subsequently arguing that Plaintiffs should not be awarded a joinder motion, Defendant did not take inconsistent positions. By contesting the joinder of Evans, they are not suggesting he is no longer at fault in the case, but rather that Plaintiffs already missed the opportunity to add him as a party and that their desire to add him at this point is simply to require remand of the case. The Court finds that these are not inconsistent positions that create a perception of the Court being misled. Further, the Court

finds that SAP's position would not give it an unfair advantage here.  As previously noted, Plaintiffs could have included Evans in the suit had they been concerned about receiving a full recovery at this case's trial, but they chose not to do so.  The Defendant is allowed to apportion fault to non-parties and that is what they did here, in accordance with the Georgia apportionment statute. There is no unfair advantage given to SAP for its utilization of the apportionment statute.  Based on this analysis, Plaintiffs' motion for judicial estoppel is **DENIED**.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' motion for joinder of Dalcor Management (Docs. 10, 15) is **GRANTED** and Plaintiffs' motion for joinder of Jonathan Evans (Doc. 10) is **DENIED**.  The Clerk **SHALL JOIN** Dalcor Management, Inc. as a party defendant in this action.

Defendant SAP's motion for leave to amend notice of removal (Doc. 11) is **GRANTED**.  Defendant shall have **FOURTEEN (14) DAYS** from the date of this Order to file its second amended notice of removal.  Therefore, Plaintiffs' motion to remand (Doc. 10) is **DENIED WITHOUT PREJUDICE**.  Further, Plaintiff's motion for judicial estoppel (Doc. 19) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ___15th___ day of December, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA